UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Katina Duran,                                          Case No.  3:12-cv-01801

          Plaintiff

v.                                                     MEMORANDUM OPINION
                                             AND ORDER

Mortgage Electronic Registration
Systems, Inc., *et al.*,

          Defendants

### BACKGROUND AND HISTORY

Plaintiff filed a Motion for a More Definite Statement (Doc. No. 29) on February 19, 2013, asking the Court to "verify why [she] is not entitled to quiet title action."  (Doc. No. 29 at 3).  She also filed an untitled Motion (Doc. No. 30) on March 28, 2013, seeking relief for misrepresentation in a Florida bankruptcy case, requesting a stay and district court review of that bankruptcy decision, and reversal of an unspecified court decision, possibly the judgment in this case.

Plaintiff filed this action originally in the Lucas County, Ohio Court of Common Pleas asserting claims for denial of due process, and violation of the Securities Exchange Act, 15 U.S.C. §§ 77(b), 780, 781; 18 U.S.C. § 1510; and 11 U.S.C. § 548.  She challenged the transfer of her mortgage from MERS to Bank of America and asked the court to quiet title to the real property secured by the

mortgage.  The Defendants collectively filed a Notice of Removal to this federal court on July 13, 2012, based on diversity of citizenship and federal question jurisdiction.

Thereafter, I issued a Memorandum Opinion and Order dismissing the action for lack of subject matter jurisdiction and for failing to state a claim upon which relief may be granted.  (Doc. No. 27).  Specifically, I held that Plaintiff lacked standing to challenge the assignment of the mortgage between MERS and Bank of America.  I also determined that the time limit to seek rescission of the loan had expired, and that failed to state a claim for relief under RICO.

Plaintiff has now filed two Motions which appear to contest that decision.  In her Motion for a More Definite Statement, she continues to assert that MERS fraudulently transferred her mortgage to Bank of America.  She contends her mortgage contract is protected by UCC 2-103 to 2-106.  She again asserts that the Defendants violated RICO statutes, and points out that documents were signed and notarized by individuals who do not reside in the State of Ohio.  (Doc. No. 29 at 2).  Finally, she again asserts she should be able to rescind the mortgage contract because she claims it is void.  (Doc. No. 29 at 3).  She asks the Court to verify why she is not entitled to proceed with a jury trial.

In her untitled Motion, Plaintiff claims she is "asking for relief to the material misrepresentations in bankruptcy laws, and civil violations."  (Doc. No. 30 at 1).  She states a "request of relief of stay should have been asked for, including a right to review the Bankruptcy court in another jurisdiction should have been reviewed, as I captioned in my lawsuit, and pleadings."  (Doc. No. 30 at 1).  She attaches a copy of a civil action she filed against Taylor, Bean and Whitaker in the United States Bankruptcy Court for the Middle District of Florida in 2010.[1]  She

---

[1] Plaintiff twice attempted to file a civil action in Taylor Bean's bankruptcy action.  The first, Case No. 3:11-ap-326 (M.D. Florida Bankruptcy Ct.) was filed as class action and the second, Case No. 3:12-ap-367was filed as an adversary action.  The Bankruptcy court dismissed both actions indicating to Plaintiff that a Confirmed Plan of Liquidation had already been approved.  Her second adversarial action was considered by the Bankruptcy Court to be a willful violation of the Court's first injunction.  She was notified that additional filings could result in sanctions being issued against her. *In re:Taylor, Bean, & Whitaker Mortgage Corporation,* No. 3:09-bk-7047 (M.D. Florida July 11, 2012)(Doc. No. 13).

asks this Court "to reverse decision for Defendant named in suit, Katina L. Duran from summary judgment as I have already pleaded in the Common Pleas Court to Judge to Dean Mandros, attached are my rights to a rescission as I have exercised my rights to the Truth in Lending Laws." (Doc. No. 30 at 1). It is not clear which case she is seeking to reverse; the Bankruptcy decision, a Common Pleas Court decision, or this Court's dismissal of this action.

These motions are now before me. A party may move for a more definite statement under Federal Civil Procedure Rule 12(e) when a responsive pleading to a Complaint is required to be filed but the allegations in the Complaint are so vague or ambiguous that the party cannot reasonably prepare a response. It is not available for Plaintiff to seek reconsideration of the judgment against her. Plaintiff's Motion for a More Definite Statement (Doc. No. 29), therefore, is liberally construed as a Motion to Alter or Amend Judgment under Federal Civil Rule 59(e). Plaintiff does not title her second Motion. It appears to assert a connection to a bankruptcy case in the Middle District of Florida. The Motion was filed more than 28 days after I entered judgment against Plaintiff, therefore the only potential source of relief in this case would come, if at all, under Federal Civil Procedure Rule 60(b). I will liberally construe her untitled Motion (Doc. No. 30) as a Motion for Relief from Judgment under Rule 60(b).

## RULE 59(E)

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than 28 days after the entry of the judgment." FED.R.CIV.P. 59(E). Such a motion is extraordinary and is seldom granted "because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, slip op. at *1 (M.D. Tenn. Jan. 26, 2011). A court may grant a Motion to Alter or Amend Judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178

F.3d 804, 834 (6th Cir. 1999).  Rule 59(e) motions are aimed at reconsideration, not initial

consideration.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Parties therefore should not use them to raise arguments which could, and should, have been made

before judgment was issued.  *Id.*  Motions under Rule 59(e) must either clearly establish a manifest

error of law or must present newly discovered evidence.  *Id.*

      Plaintiff's Motion does not present any grounds to alter or amend the judgment against her

in this case.  While it is clear that she thinks she was wronged by the Defendants and has a

meritorious case against them, she does not point to any error of law in the Memorandum Opinion

and Order, does not suggest there was an intervening change in the law which would provide relief

that was previously unavailable to her, and does not contend she has newly discovered evidence

which she was unable to obtain prior to judgment.  She restates in her Motion arguments which I

already considered addressed in the Memorandum of Opinion and Order.  A post judgment Motion

under Rule 59(e) does not present a second opportunity to litigate this case.  Her Motion (Doc. No.

29) is denied.

## RULE 60(B)

      The standard for granting a Rule 60 motion is significantly higher than the standard

applicable to a Rule 59 motion.   A timely Rule 59 motion may be granted "for any of the reasons

for which rehearings have heretofore been granted in suits in equity in the courts of the United

States."  Fed.R.Civ.P. 59(a).   A Rule 60(b) motion, by contrast, may be granted only for certain

specified reasons:

      (1) mistake, inadvertence, surprise, or excusable neglect;

      (2) newly discovered evidence which by due diligence could
      not have been discovered in time to move for a new trial
      under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;  or

(6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).  "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of her case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993).  Like a Motion under Rule 59(e), Rule 60(b) also does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case.  *O'Connel v. Miller*, No. 00-1864, 2001 WL 468003 (6th Cir. April 27, 2001).  This Court's inquiry is limited to "whether one of the specified circumstances exists in which [Plaintiff] is entitled to reopen the merits of [her] underlying claims." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).  "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).  Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence.  *See Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Plaintiff does not clearly indicate why she believes she is entitled to relief.  She provides information about Taylor, Bean and Whitaker's bankruptcy in the Middle District of Florida, and indicates she was a party or should have been permitted to be a party in that case.  She contends she exercised her right to rescission from the mortgage and she asserts she was the victim of mortgage fraud.  She asserted these same allegations in her Complaint.  At best, this Motion seeks to relitigate

the merits of claims asserted in her Complaint.  Although she uses the term "fraud" in her Motion, she is using it to support her underlying claim that the mortgage was improperly sold or transferred. For purposes of Rule 60(b)(3), Plaintiff must allege that the judgment was obtained by the Defendants through fraud.  *Info–Hold*, 538 F.3d at 457.  Her Motion does not contain this allegation and she therefore cannot seek relief from judgment under Rule 60(b)(3).

Because the motion does not invoke any of the first five grounds for relief enumerated in the Rule, Plaintiff's request may only be construed under subsection (b)(6), "any other reason justifying relief" from judgment.  This subsection, however, is only properly invoked in "unusual and extreme situations where principles of equity mandate relief."  *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).  Not only were no exceptional circumstances presented in this case, but I have already reviewed the arguments presented in Plaintiff's Motion. A Rule 60(b) Motion must be denied if, as here, it is merely an attempt to relitigate the case. *See Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir.1966).

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's Motions to determine their legal viability, I conclude they are without merit.  Therefore, Plaintiff's Motion for a More Definite Statement construed as a Motion to Alter or Amend Judgment under Rule 59(e) (Doc. No. 29) is denied.  Plaintiff's untitled Motion construed as a Motion for Relief from Judgment under Rule 60(b)(Doc. No. 30) is also denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge